UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| YOLENNE BARLATIER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-cv-11916-LTS |
| LOCAL MOTION, INC., | ) ) | |
| Defendant. | ) ) ) | |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 60)

December 3, 2018

SOROKIN, J.

On September 22, 2016, Plaintiff Yolene Barlatier filed suit against Defendant Local Motion, alleging that Local Motion fired her on the basis of her race, national origin, and disability. Local Motion now moves for summary judgment, Doc. No. 60, as well as to strike certain evidence submitted by Ms. Barlatier, Doc. No. 85. For the reasons set forth below, the motion for summary judgment is ALLOWED as to Counts II, III, and IV. The motion to strike is DENIED in its entirety.

I.  BACKGROUND

In August 2011, Plaintiff Yolene Barlatier became an employee of Defendant Local Motion. Doc. No. 76-14 ¶ 2. On August 11, 2011, Ms. Barlatier signed a policy regarding the use of cell phone and other electronics. Id. ¶ 3. She states under oath that the policy she signed provided that an employee's first offense under the policy would result in a five-day suspension, id., and submits Exhibit F, Doc. No. 76-7, to establish the existence of such a policy (the "two strike" policy). She further states under oath that she "never received nor did [she] ever see a

Local Motion cell phone policy stating that the first offense would result in termination until [her] unemployment hearing." Id. ¶ 16.

On February 24, 2012, Ms. Barlatier, according to her declaration, was driving a van into the Local Motion yard with her cell phone clipped to her waist. Id. ¶ 12. Ms. Barlatier states that she "removed her cell phone from [her] waist and it was in [her] hand for a moment." Id. She also testified in her deposition that she "wasn't on the phone…but the phone was in [her] hands." Doc. No. 67-1 at 5. In contrast, Milagros Reyes, a Local Motion employee, has stated under oath that she "observed Ms. Barlatier holding a cellular phone to her ear while driving the van towards [her] in a forward motion." Doc. No. 66 ¶ 9. Local Motion has also submitted the incident report completed by another Local Motion employee, Leah McPhail, who wrote that she saw Ms. Barlatier "driving van 124 on her cell phone." Doc. No. 67-10. Later, Ms. McPhail verbally reported to Ricardo Joseph, a Local Motion supervisor, that she "saw Ms. Barlatier back the van into a parking spot while holding the phone to her ear." Doc. No. 64 ¶ 11. Based on the incident report completed by Ms. McPhail, conversations with Ms. Reyes and Ms. McPhail, and advice from a Local Motion Human Rights manager, Mr. Joseph terminated Ms. Barlatier's employment "for violation of the Zero Tolerance Policy and federal law."[1] Doc. No. 64 ¶¶ 10-14.

There is no dispute that this was Ms. Barlatier's first violation of the cell phone policy. However, Ms. Barlatier alleges that her termination was based not on a violation of the applicable cell phone policy, which she alleges was a "two strike" policy, but rather on her race, national origin, and weight. She alleges that "on a daily basis, [Ms.] Reyes would make

---

[1] No party has explained or argued how Ms. Barlatier's alleged actions would violate federal law.

comments about [Ms. Barlatier] being big, Black, fat, [and] a fat pig," and that Ms. Reyes "told [her] that's why [her] uniform didn't fit and that she thought Haitians could do whatever they want." Doc. No. 76-14 ¶ 9. She also alleges that she told her manager, Mr. Joseph, about these comments, but that he responded, "That's just the way Millie is." Id. ¶ 10.

In contrast, Local Motion argues that Ms. Barlatier was terminated for violating the effective cell phone policy, which they assert provided for the immediate termination of any employee found to have violated the policy (the "zero tolerance" policy). Doc. No. 67-6. Local Motion supports this argument with declarations from four employees, including two Human Resources Managers, Doc. No. 63; Doc. No. 65, one Supervisor, Doc. No. 64, and one Trainer, Doc. No. 66. Each of the four employees states that the company had a "zero tolerance" policy in effect at the time Ms. Barlatier was terminated. The current Human Resources Manager states that the policy did not change to a "two strike" policy, providing for a five-day suspension for the first violation, until June 2012, four months after Ms. Barlatier's termination. Doc. No. 63 ¶ 10. Local Motion submits a one-page document reflecting the "zero tolerance" policy, Doc. No. 67-6, and a separate signature page, Doc. No. 67-5, seemingly to establish that Ms. Barlatier signed the "zero tolerance" policy upon joining Local Motion. Ms. Barlatier submits the same signature page associated with a different one-page policy, which is a "two strike" policy providing for a five-day suspension on the first offense.[2] Doc. No. 76-7.

Plaintiff has advanced two discrimination claims: one based on race and national origin under Title VII of the Civil Rights Act, and the other based on disability under the Americans

---

[2] The "two strike" policy submitted by Ms. Barlatier is different in format from the "two strike" policy adopted by Local Motion in June 2012 and submitted as Document Number 67-7. Mr. Joseph testified that the policy submitted by Ms. Barlatier may be an old version of the Local Motion cell phone policy, no longer in use. Doc. No. 76-2 at 95-97.

3

with Disabilities Act ("ADA"). Defendant moves for summary judgment on the entirety of the amended complaint. Defendant also moves to strike the Affidavit of Myrlande Joseph, Doc. No. 76-5, and portions of the Declaration of Yolene Barlatier, Doc. No. 76-14.

II.     LEGAL STANDARD

The Court applies the familiar summary judgment standard. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court also applies the familiar three-part burden-shifting analysis under the McDonnell Douglas framework. Mc Donnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In order to establish a prima facie case, the plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the job; (3) the employer took an adverse employment action against him; and (4) the position remained open or was filled by a person with similar qualifications." Kosereis v. Rhode Island, 331 F.3d 207, 212–13 (1st Cir. 2003). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. McDonnell Douglas, 411 U.S. at 803. In order to prevail, the plaintiff must then show "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 248 (1981).

III.    DISCUSSION

    A.    Plaintiff's Claims for Declaratory Judgment

Plaintiff concedes that that her two claims for declaratory judgment (Counts II and IV in the Amended Complaint, Doc. No. 47) "cannot be reviewed under the current circumstances by this court." Doc. No. 75. Therefore, Defendant's motion is ALLOWED as to Counts II and IV.

B.  Plaintiff's Claim Under Title VII

Regarding her claim under Title VII, Ms. Barlatier has made out a prima facie case arising out of her status as a "Black woman, born in Haiti," her termination, and the comments she attributes to one of the Local Motion employees who reported her cell phone use.  Defendant Local Motion has advanced a legitimate business reason for terminating Ms. Barlatier's employment: namely, that she was using her cell phone in violation of a "zero tolerance" company policy.  Therefore, Ms. Barlatier must introduce sufficient evidence to persuade a jury that that this reason was merely pretext for terminating her on the basis of her race or national origin.  One of the employees reporting Ms. Barlatier's cell phone use to Mr. Joseph, the decision-maker, is also the employee who Ms. Barlatier asserts made discriminatory statements regarding her race, national origin, and weight.  Accordingly, if credited, a jury could conclude this animus infected Mr. Joseph's termination decision, even if Mr. Joseph himself possessed no discriminatory animus (and there is no evidence that Mr. Joseph possessed or exhibited a discriminatory animus) and despite the second report from Ms. McPhail that Ms. Barlatier was using her cell phone.  Doc. No. 64 ¶ 11.

The First Circuit has held that "an employer can be held liable under Title VII if: the plaintiff's co-worker makes statements maligning the plaintiff for discriminatory reasons and with the intent to cause the plaintiff's firing; the co-worker's discriminatory acts proximately cause the plaintiff to be fired; and the employer acts negligently by allowing the co-worker's acts to achieve their desired effect though it knows (or reasonably should know) of the discriminatory motivation."  Velazquez-Perez v. Developers Diversified Realty Corp., 753 F.3d 265, 274 (1st Cir. 2014).  Ms. Barlatier has stated under oath that she told Mr. Joseph of Ms. Reyes' discriminatory statements prior to her termination, Doc. No. 76-14 ¶ 10, and has denied using the

phone while driving. Whether discriminatory animus in fact motivated Ms. Reyes and, if so, whether it sufficiently taints Mr. Joseph's decision in the face of the separate report from Ms. McPhail, present fact questions for the trial. Accordingly, the motion for summary judgment is DENIED as to Count I.[3]

B. Plaintiff's Claim Under the ADA

Defendants also dispute whether Ms. Barlatier has a disability under the ADA, based on her weight. She advances two theories under the ADA. First, that she has a disability in fact within the meaning of the ADA. In order to prevail on this claim, Ms. Barlatier must demonstrate that she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Ms. Barlatier has submitted evidence that she is obese and that being obese has negatively affected her daily activities. Doc. No. 76-14 ¶ 5. For purposes of deciding summary judgment, the Court assumes, without deciding, that Ms. Barlatier has offered sufficient evidence to demonstrate that she has a physical or mental impairment

---

[3] In its Memorandum in Support of Its Motion for Summary Judgment, Doc. No. 61, Local Motion argues that Ms. Barlatier's claims cannot survive summary judgment because Ms. Barlatier has not presented sufficient evidence to suggest that Local Motion fired her for discriminatory reasons, but rather has only contested the fact that she should not have been fired based on Local Motion's effective cell phone policy. Defendants cite to Lauriston v. Hallsmith-Sysco Food Svcs., Inc., Civ. No. 08-11956-PBS, 2010 WL 2483327, at *8 (D. Mass. June 15, 2010), which notes that the "First Circuit has stated explicitly that 'evidence contesting the factual underpinnings of the reason for the employment decision proffered by the employer is insufficient, without more, to present a jury question.'" (quoting Morgan v. Massachusetts General Hosp., 901 F.2d 186, 191 (1st Cir. 1990)). However, as previously noted, other evidence gives rise to genuine disputes of material fact, appropriate for trial. Which cell phone policy was in effect at Ms. Barlatier's hiring and at her termination may well also bear on the credibility of witnesses, including Ms. Barlatier herself, who has plainly asserted that the two-strike policy applied throughout, while an array of Local Motion witnesses say otherwise. Conceivably, the policy dispute might bear on the termination decision itself if, for example, Ms. Barlatier proved that Mr. Joseph knowingly applied the wrong policy. The Court notes, however, that nothing in the record even suggests that Mr. Joseph knowingly applied the wrong policy. In any event, these are trial questions and are not before the Court at this time.

(obesity), which affects the major life activities of breathing, walking, bending, and sitting for long periods of time. However, her claim of disability in fact cannot withstand summary judgment because she has not offered sufficient evidence to demonstrate that her obesity substantially limits one or more of the major life activities she identified.

"To be substantially limiting, an impairment must cause a person to be 'unable to perform a major life activity that an average person in the general population can perform,' or to be significantly restricted in the performance of a particular major life activity as compared to an average person in the general population." Carreras v. Sajo, Garcia & Partners, 596 F.3d 25, 33 (1st Cir. 2010) (quoting 29 C.F.R. § 1630.2(j)(1)). The First Circuit has enumerated three factors to evaluate in determining "whether an individual is substantially limited in a major life activity," which include: "(1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long-term impact, of or resulting from the impairment." Navarro v. Pfizer Corp., 261 F.3d 90, 98 (1st Cir. 2001) (citing 29 C.F.R. § 1630.2(j)(2)).

Ms. Barlatier has offered explanations for the cause of her obesity, Doc. No. 76-14 ¶¶ 4-6, but has not offered any evidence that her obesity either caused her to be "unable to perform a major life activity that an average person in the general population can perform" or that she was "significantly restricted in the performance of a particular major life activity as compared to an average person in the general population." Carreras, 596 F.3d at 33. In fact, Ms. Barlatier has offered no evidence of a substantial limitation other than a statement that "being obese negatively affected [her] health and [her] daily activities such as breathing, walking, bending, sitting for long periods of time, [her] overall daily activities." Doc. No. 76-14 at ¶ 5. This statement is insufficient to support the conclusion that her obesity substantially limited a major

7

life activity.[4]  Accordingly, the motion for summary judgment is ALLOWED insofar as it challenges Ms. Barlatier's "disability in fact" theory under Count III.

Second, Plaintiff alleges that she has a perceived disability within the meaning of the ADA because "Local Motion regarded her as having a substantially limiting impairment."  Doc. No. 75 at 10.  However, nothing in the presently operative complaint, Doc. No. 47, indicates that she was advancing a "regarded as" theory of her disability.  In fact, as Local Motion fairly points out in its Reply Brief, Doc. No. 83 at 1-2, the first time Ms. Barlatier signaled that she intended to rely on a "regarded as" theory of disability was in her Opposition to Defendant's Motion for Summary Judgment, Doc. No. 75.  This, a plaintiff cannot do after the close of discovery.  See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 85 (1st Cir. 2008) (granting the defendant-employer's motion for summary judgment on the basis that "[i]t simply will not do for a plaintiff to fail to plead with adequate specificity facts to support a regarded as claim, all-the-while hoping to play that card if her initial hand is a dud").

In any event, the "regarded as" theory fails on the merits.  Ms. Barlatier has not offered sufficient evidence to support such a theory.

> When 'working' is the major life activity at issue, a plaintiff "must demonstrate not only that the employer thought that he was impaired in his ability to do the job that he held, but also that the employer regarded him as substantially impaired in 'either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skills, and abilities.'"

---

[4] Simply alleging that a physical or mental impairment substantially limits a major life activity is not sufficient to survive summary judgment.  In an analogous context, the First Circuit affirmed the grant of summary judgment for a defendant-employer where the plaintiff-employee "allege[d], but ha[d] failed to demonstrate, that her depression substantially limited her ability to sleep or concentrate." Davila-Rivera v. Caribbean Refrescos, Inc., 150 F. App'x 3, 6–7 (1st Cir. 2005).

Id. at 83 (quoting Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 117 (1st Cir. 2004)). The only evidence Ms. Barlatier has offered in support of her "regarded as" theory are the comments made by Local Motion employee Milagros Reyes describing Ms. Barlatier as "fat," "big," or poorly fitting into her uniform. Doc. No. 76-14 ¶ 9. These comments—though hurtful—do not support a "regarded as" theory of disability.

This stands in sharp contrast to Nedder v. Rivier College, upon which Plaintiff relies in support of her "regarded as" theory. 944 F. Supp. 111 (D.N.H. 1996). In Nedder, the employer (a college) viewed the fact that the plaintiff (an assistant professor) was obese as a failure "to educate the whole body, the mind, the soul and the body," and encouraged the plaintiff to lose weight on the basis that "students perceived overweight faculty as being less disciplined and less intelligent." Id. at 119. In contrast, Ms. Barlatier has not submitted any evidence to indicate that Local Motion perceived her weight as a "physical or mental impairment." 42 U.S.C. § 12102(3)(A). Accordingly, the motion for summary judgment is ALLOWED insofar as it challenges Ms. Barlatier's "regarded as" theory of disability under Count III.

D. Motion to Strike

Insofar as the motion to strike, Doc. No. 85, challenges Ms. Barlatier's assertion in her declaration, Doc. No. 76-14, that Milagros Reyes, rather than Ricardo Joseph, was her supervisor, it is DENIED as moot, as such a distinction has no bearing on the Court's decision regarding the motion for summary judgment.

Insofar as the motion to strike challenges Ms. Barlatier's claims about her weight, it is DENIED as there is not a clear contradiction between the portions of Ms. Barlatier's testimony offered by Local Motion to support invocation of the rule cited.

Insofar as the motion to strike challenges the Declaration of Myrlande Joseph, Doc. No. 76-5, it is DENIED, as the relevant portions of her affidavit are not hearsay.

IV. CONCLUSION

For the reasons set forth above, Local Motion's motion for summary judgment, Doc. No. 60, is DENIED with respect to Count I and ALLOWED as to Counts II, III, and IV. In addition, the motion to strike, Doc. No. 85, is DENIED in its entirety. Trial in this matter will commence on Monday, February 11, 2019.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge